IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND D. WORMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-685 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| ROBERT A. MCDONALD, | ) | |
| *Secretary of Veterans Affairs*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Upon consideration of the Motion for Summary Judgment ("Motion") (Docket No. 32) filed by Robert A. McDonald, Secretary of Veterans Affairs ("Defendant"), the Response (Docket No. 36) filed *pro se* by Raymond D. Wormack ("Plaintiff"), and the parties' briefings and exhibits attached thereto (Docket Nos. 33 – 35, 37 – 39), the Court will GRANT said Motion.

### I. MEMORANDUM

**A. INTRODUCTION**

Defendant presently seeks judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(a) with respect to all claims advanced in Plaintiff's Complaint (Docket No. 1-1) of May 27, 2015. In his Motion, Defendant's foremost argument in favor of summary judgment is Plaintiff's alleged failure to exhaust all administrative remedies before filing a Complaint in this Court. Plaintiff's Complaint raises gender and race-based discrimination claims under Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951 *et seq.* ("PHRA").[1]

## B. STANDARD OF REVIEW

A grant of summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Heffernan v. City of Paterson*, 777 F.3d 147, 151 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). A genuine issue of material fact is one that could affect the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). However, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *N.A.A.C.P. v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The initial burden is on the moving party to adduce evidence illustrating a lack of genuine issues. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 – 24 (1986)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue, in rebuttal. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). When considering the parties' arguments, the Court is required to view all facts

---

[1] In his Response (Docket Nos. 36 and 37) to the Motion, Defendant attempts – for the first time – to raise separate claims under 42 U.S.C. § 1983 and the Equal Pay Act of 1963, 29 U.S.C. § 206 ("EPA"). The Court will not now consider these claims, because "a claim that has not been timely raised is waived." *Spence v. City of Phila.*, 147 F.App'x 289, 291 (3d Cir. 2005); *see also Crawford v. SAP America, Inc.*, 147 F.App'x 234, 237 – 38 (3d Cir. 2005).

To the extent Plaintiff raises a "claim" pursuant to 42 U.S.C. § 1981a, it will afford him no relief. Section 1981a does not create an independent cause of action, but merely sets forth remedies available in certain actions. *Roy v. Trident Ins. Agency*, 2015 WL 2344658 at *3 (D. N.J. May 14, 2015); *Flax v. Del. Div. of Family Servs.*, 2008 WL 1758857 at *10 (D. Del. Apr. 16, 2008), *aff'd*, 329 F.App'x 360 (3d Cir. 2009).

and draw all inferences in the light most favorable to the non-moving party. *Id.* (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *Bialko v. Quaker Oats Co.*, 434 F.App'x 139, 141 n. 4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.*, 44 F. 3d 195, 200 (3d Cir. 1995)). Further, in cases involving *pro se* litigants, the court must liberally construe submissions. *Hodson v. Alpine Manor, Inc.*, 512 F.Supp.2d 373, 384 (W.D. Pa. 2007) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Nonetheless, "a forgiving interpretation does not render immune from summary judgment claims that lack factual viability." *Hodson*, 512 F.Supp.2d at 384. A well-supported motion for summary judgment will not be defeated where the non-moving party merely reasserts factual allegations contained in the pleadings. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010) (citing *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). The non-moving party must resort to affidavits, depositions, admissions, and/or interrogatories to demonstrate the existence of a genuine issue. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (citing *Celotex Corp.*, 477 U.S. at 324).

C. **FACTUAL AND PROCEDURAL BACKGROUND**

On September 4, 2014, Plaintiff filed a Complaint of Employment Discrimination with the Department of Veterans Affairs ("VA") Office of Resolution Management ("ORM"). (Docket No. 35-2 at 2 – 3, 6 – 8). He claimed therein to be the victim of harassment and a hostile work environment as a result of his gender, race, and prior complaints of discrimination. (*Id.*). The ORM notified Plaintiff by letter dated September 19, 2014 that his complaint was being assigned to an investigator, and that an investigation of his claims would be completed

within 180 days of the date of his complaint. (*Id.* at 6). At that point he would have the right to seek a final agency decision ("FAD") or a hearing by an administrative law judge appointed by the EEOC. (*Id.*). By letter dated October 29, 2014, the ORM informed Plaintiff that his complaint contained twenty (20) distinct "claims" for investigation. (*Id.* at 10). On December 5, 2014, Jim Harding was assigned to complete the investigation of these claims. (*Id.* at 16).

On January 4, 7, and 8, 2015, Plaintiff filed amendments to his September 4 complaint. (Docket Nos. 35-2 at 18; 35-3 at 2, 5). As a result, four (4) new claims were added to the original complaint, allowing the investigator an additional 180 days from the date of the last amendment to complete the investigation. (ECF No. 35-3 at 9 – 14). On February 20, 2015, Plaintiff again amended his complaint, adding four (4) new claims to his original complaint. (ECF No. 35-4 at 3, 5 – 10). As before, the investigation period was extended a further 180 days from the date of amendment. (*Id.*). On March 18, 2015, Plaintiff submitted his VA letter of resignation to the ORM, claiming constructive discharge. (*Id.* at 17). This was considered by the ORM to constitute an entirely new claim; his complaint was now considered to be "mixed."[2] (Docket No 35-5 at 2 – 7). The ORM therefore had 180 days from the amendment, or 360 from the date of the original complaint, whichever was earlier, to complete its investigation. (*Id.*).

The investigation was completed, and a copy of the file forwarded to Plaintiff, on April 30, 2015. (Docket No. 35-5 at 14 – 29). In an ORM letter, Plaintiff was informed that the claim constituting the mixed portion of his complaint was being forwarded to the VA Office of Employment Discrimination Complaint Adjudication ("OEDCA"), which would issue an FAD. (*Id.*). However, if an FAD was not issued within 120 days, Plaintiff could either file an appeal

---

[2] "'A mixed case complaint is a complaint of employment discrimination filed with a federal agency…related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB).'" *Slingland v. Donahoe*, 542 F.App'x 189, 192 n. 4 (3d Cir. 2013) (quoting 29 C.F.R. § 1614.302(a)(1)). It is "'an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination.'" *Id.* (quoting *Butler v. West*, 164 F.3d 634, 638 (D.C.Cir. 1999)).

with the Merit Systems Protection Board ("MSPB") or file a civil complaint in a United States District Court. (*Id.*). As to the remaining claims constituting the non-mixed portion of Plaintiff's complaint, Plaintiff could elect to have the OEDCA issue an FAD, or request a hearing before the EEOC. (*Id.*). Failure to make an election within 30 days results in the complaint automatically proceeding to the OEDCA for an FAD. (*Id.*). There is no indication that Plaintiff participated in the administrative process beyond the April 30, 2015 letter. (Docket No. 35-6 at 2). The entire complaint was thereafter forwarded to the OEDCA for an FAD. (*Id.*).

Instead, Plaintiff filed his Complaint in this Court on May 27, 2015. Defendant filed an Answer on September 1, 2015. (Docket No. 17). The FAD was subsequently issued on November 18, 2015. (Docket No. 35-6 at 5 – 39). The FAD resulted in a finding of no discrimination based upon gender, race, or prior complaints of discrimination. (*Id.* at 36). There is no indication that Plaintiff exercised any of his appeal rights via administrative mechanisms. (*Id.* at 36 – 39). Indeed, Plaintiff admits as much. (Docket No. 37 at 2). The present Motion for Summary Judgment was consequently filed on April 27, 2016. The motion being fully briefed, the matter is ripe for disposition.

**D. DISCUSSION**

"'It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.'" *Slingland v. Donahoe*, 542 F.App'x 189, 191 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). This is particularly true of Title VII claims. *Id.* (citing *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995)). However, the "failure to exhaust" argument is in actuality an affirmative defense, and a judgment rendered against a plaintiff on this basis requires that the defendant meet his or her burden of demonstrating said failure. *Id.* (citing *Williams v. Runyon*, 130 F.3d 568,

573 (3d Cir. 1997)). Nonetheless, even when viewed in the light most favorable to Plaintiff, and construing his responses to Defendant's Motion for Summary Judgment liberally, the Court finds that the facts of record clearly demonstrate that Plaintiff failed to exhaust his administrative remedies.

Notwithstanding Plaintiff's preliminary attempts to avail himself of the administrative process, the Third Circuit Court of Appeals has recognized that "'allowing a plaintiff to abandon the administrative remedies she has initiated would tend to frustrate the ability of the agency to deal with complaints.'" *Slingland*, 542 F.App'x at 193 (quoting *Purtill v. Harris*, 658 F.2d 134, 138 – 39 (3d Cir. 1981)). An impatient plaintiff could, at any moment, "'take his claim to court and abort the administrative proceedings.'" *Id.* (quoting *Purtill*, 658 F.2d at 138). Here, Plaintiff's decision to forsake the administrative process runs counter to his obligation to "'follow that route through to completion, to the exclusion of any other remedy.'" *Id.* at 192 (quoting *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 770 (9th Cir. 1991)). As such, and with Plaintiff making no compelling argument to the contrary, the Court is bound to render judgment as a matter of law in favor of Defendant as to all claims asserted in Plaintiff's Complaint.

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Motion for Summary Judgment [32] is granted with respect to all claims asserted in Plaintiff's Complaint (Docket No. 1-1).

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: October 11, 2016.

cc/ecf: All counsel of record

      Raymond D. Wormack
      210 Snyder Street
      Connellsville, PA 15425
      (certified and regular mail)